## No. 552

### HIGHWAY CONSTRUCTION CO. v. BIERY

No. 19814. Supreme Court

On motion to certify. Dock. May 11, 1926.

**CONTRACTS**—May the terms of a written contract be supplemented and varied by parol evidence, when no ambiguity appears on the face of the contract?

Charles S. Biery brought this suit originally in Starke Common Pleas against The Highway Construction Company to recover an amount due under an oral agreement which supplemented a written contract.

It appears that both the Company and Biery are road contractors. Parties hereto entered into a written agreement which provided the terms under which they would prosecute a road contract granted by the city of Alliance. Biery's claim in the Common Pleas was based on an oral agreement supplementary and in addition to the written contract whereby Biery was to receive a certain rebate from the Company.

The judgment of the Common Pleas in favor of Biery was affirmed by the Appeals.

The Company in the Supreme Court contends:

1. That the court erred in admitting parol evidence in support of the supplemental agreement.

2. That as the written contract appeared unambiguous and complete on its face that an unrebuttable presumption arose that it contained all stipulations and agreements as between the parties.

**Attorneys**—Hart & Koehler, Alliance, and Fauver & Cheney, Elyria for Company.

---

## No. 553

### RUGG v. DROMGOLD

No. 19764. Supreme Court

On motion to certify. Dock. Apr. 9, 1926.

62. **ALIMONY**—May a court modify retroactively a decree for alimony rendered at a previous term of court?

John H. Dromgold filed this suit originally in the Ottawa County Common Pleas against his former wife Florence W. Rugg for a modification of a decree for alimony rendered at a previous term of court.

The court refused to allow Counsel for Rugg to testify that the decree of alimony was made pursuant to an agreement between the parties hereto and on Dec. 12, 1925 rendered a decree modifying the former decree to take effect as of Feb. 15, 1925.

Rugg, in the Supreme Court, contends:

1. That under 64 OS. 369 that where alimony is adjudged to the wife in accordance with an agreement of the parties, the terms of the decree as to alimony are not subject to modification upon a petition filed by the former husband after the term at which the original decree was made.

2. That as the first decree provided for certain payments to be made until "further order of the court" the court cannot decree a retroactive modification.

**Attorneys**—Graves & Duff, for Rugg; True Crawford & True for Dromgold; all of Port Clinton.

---

## No. 554

### JONES et v. COBOURN et

No. 19808. Supreme Court

On motion to certify. Dock. May 7, 1926.

485. **EXECUTORS AND ADMINISTRATORS**—If an attorney for an administrator purchases real property belonging to the estate, such sale being voidable, may the heirs recover the property from vendees of the attorney, when the voidable transaction is shown on the record?

This action was brought originally in Columbiana Common Pleas by Paul Jones and Raymond Jones against K. L. Cobourn, Elsworth J. Kille, Jacob Culp, Charles V. Kille, C. E. Parshall, and Rose B. Parshall to recover certain real estate.

It appears that K. L. Cobourn an attorney at law, was attorney of record for one Caradog Jones, administrator of the setate of Anna M. Jones. The personal property of the estate was insufficient to pay the debts and the court ordered at the request of the administrator, the property sold. At the public sale Cobourn purchased the property and subsequently sold it to a third party. The property has been resold several times. The plaintiffs herein were minors at the time of the sale.

The judgment of the Common Pleas against the heirs was affirmed by the Appeals on the ground that the purchasers were innocent purchasers for value without actual notice. The heirs in the Supreme Court contend:

1. That all facts relating to the sale to the attorney for the administrator are disclosed by the record and that therefore the subsequent purchasers took the property with notice.

2. That service of summons on minors is not binding.

3. That the attorney for the administrator could not have purchased the property without the consent of the heirs.

**Attorneys**—Harry Lewis, Deibel, Cleveland, for Jones; K. L. Cobourn, Salem, for Defendants.